IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| GEORGE WYATT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-41 |
| | § | |
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

### ORDER OF DISMISSAL

Plaintiff George Wyatt (TDCJ #333787; former Dallas County Jail #12081877) is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ") at the Stringfellow Unit in Rosharon. Wyatt has filed a handwritten complaint (Dkt. 1) and an amended version of that complaint (Dkt. 12) against the State of Texas, Donald Trump, and Texas Governor Greg Abbott. Although Wyatt filed this action originally in the United States District Court for the Northern District of California, the case was recently transferred here. Wyatt is *pro se* and he requests leave to proceed *in forma pauperis* (Dkt. 7). After reviewing all of the pleadings and Wyatt's litigation history, the Court concludes that this case must be **DISMISSED** for the reasons set forth briefly below.

Because Wyatt is incarcerated, this case is governed by the Prison Litigation Reform Act (the "PLRA"), which was enacted, in part, to prevent prisoners from abusing

the privilege of proceeding *in forma pauperis*. *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Adepegba*, 103 F.3d at 385. To fit within that exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time the plaintiff seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998).

Court records reflect that Wyatt has previously filed numerous civil actions in the federal district courts while incarcerated. More than three of those cases have been dismissed as frivolous, malicious, or for failure to state a claim: *Wyatt v. Stardust Apartment*, Civil No. 4-96-0817 (N.D. Tex. Dec. 3, 1996); *Wyatt v. Midstate Commissary*, Civil No. 4-99-cv-234 (N.D. Tex. Sept. 30, 1999); *Wyatt v. Stardust Apartments, et al.*, Civil No. 4-99-cv-940 (N.D. Tex. Dec. 29, 1999); *Wyatt v. Stacks*, Civil No. 4-05-cv-1032 (S.D. Tex. April 8, 2005); *see also Owens, et al. v. Perry*, Civil No. 4-09-cv-3080 (S.D. Tex. Oct. 26, 2009) (dismissing a case filed by Wyatt and a cohort against then-Governor Rick Perry as "nonsensical"). Thus, Wyatt has more than three strikes against him for purposes of § 1915(g). In addition, as a result of his abusive litigation tactics, the Northern District has imposed sanctions against Wyatt, prohibiting him from submitting any future filings without first obtaining permission from a judicial

officer. *See Wyatt v. Valero Service Station*, Civil No. 3-15-cv-3281 (N.D. Tex. Aug. 11, 2016).

Wyatt does not allege facts showing that he is in imminent danger of serious physical injury or that the exception found in § 1915(g) applies. Accordingly, this action will be dismissed without prejudice as barred by the three-strikes rule.

Based on the foregoing, the Court **ORDERS** as follows:

1. The motion for leave to proceed *in forma pauperis* filed by plaintiff George Wyatt (Dkt. 7) is **DENIED**.

2. This case is **DISMISSED** without prejudice to re-filing upon payment of the full filing fee ($400.00).

The Clerk is directed to provide a copy of this Order to the plaintiff. The Clerk will also provide a copy of this Order by email to the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas, on _March 20_____, 2018.


_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE